

12 AUG 31 PM 12: 06

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
OHIO WESTERN DIVISION

| | | |
|---|---|---|
| HOMER. L. RICHARDSON | ) | CASE #. **1:12 CV 664** |
| Plaintiff | ) | |
| | ) | Judge **J. DLOTT** |
| vs. | ) | |
| | ) | M.J. BOWMAN |
| VIKING COLLECTION SERVICE, INC., | ) | |
| | ) | **TRIAL BY JURY DEMANDED** |
| Defendant | ) | |

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICE ACT, FAIR DEBT REPORTING ACT AND OHIO CONSUMER SALES PROTECTION ACT

### JURISDICTION

1  The jurisdiction of this Court is conferred by 15 U.S.C. §1681p, 15 U.S.C. §1692k, and this Court has federal question jurisdiction under 28 U.S.C § 1331, and also supplemental jurisdiction for the state claim pursuant to 28 U.S.C §1367.

2. All conditions precedent to the bringing of this action has been performed.

### PARTIES

3  The Plaintiff in this lawsuit is Home L. Richardson, a natural person, who resides at 758 Quailwoods Drive in Hamilton County Ohio.

1

11. United States Postal Service mail receipt shows that Defendant Viking received Plaintiff's letter on October 17, 2011.

12. Plaintiff sent a second letter to Viking on November 14, 2011 by certified mail no. 7010 2780 0002 6606 4937 to dispute the debt and request validation of the debt.

13. United States Postal Service mail receipt shows that Viking received Plaintiff's letter on November 17, 2011.

14. Defendant, Viking did not respond to either the October 12, or the November 14, 2011 letter.

15. Plaintiff has no contractual obligation to pay Defendant..

16 Upon belief and information Viking Collection Service, Inc. is not a law firm and was not represented by an attorney in attempting to collect the alleged debt.

17 Defendant used false representation to collect or attempt to collect a debt.

18 Plaintiff obtained his credit reports from the three major credit reporting agencies and found entries that he was unfamiliar with in the reports.

19. Plaintiff found after examination of his Experian consumer credit report that Defendant had obtained Plaintiff's Experian consumer credit report on October 5, 2011.

20. Plaintiff found after examination of his Transunion consumer credit report that Defendant had obtained Plaintiff's Transunion consumer credit report on October 5, 2011.

21 Plaintiff contends that the illegal actions of Defendant has harmed the Plaintiff, resulting in credit denials, credit delays, inability to apply for credit, loss of use of funds, mental anguish, emotional distress, humiliation, a loss of reputation and expenditures for fees and costs.

12. Plaintiff sent a second letter to Viking on November 14, 2011 by certified mail no. 7010 2780 0002 6606 4937 to dispute the debt and request validation of the debt.

13. United States Postal Service mail receipt shows that Viking received Plaintiff's letter on November 17, 2011.

14. Defendant, Viking did not respond to either the October 5, or the November 14, 2011 letter.

15. Plaintiff has no contractual obligation to pay Defendant..

16  Upon belief and information Viking Collection Service, Inc. is not a law firm and was not represented by an attorney in attempting to collect the alleged debt.

17  Defendant used false representation to collect or attempt to collect a debt.

18  Plaintiff obtained his credit reports from the three major credit reporting agencies and found entries that he was unfamiliar with in the reports.

19. Plaintiff found after examination of his Experian consumer credit report that Defendant had obtained Plaintiff's Experian consumer credit report on October 5, 2011.

20. Plaintiff found after examination of his Transunion consumer credit report that Defendant had obtained Plaintiff's Transunion consumer credit report on October 5, 2011.

21  Plaintiff contends that the illegal actions of Defendant has harmed the Plaintiff, resulting in credit denials, credit delays, inability to apply for credit, loss of use of funds, mental anguish, emotional distress, humiliation, a loss of reputation and expenditures for fees and costs.

22. Discovery of violations brought forth herein occurred in October 5, 2011 and are within the statute of limitations as defined in the FDCPA. FDRA and the Ohio Consumers Sales Practice Act.

## COUNT 1

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 BY DEFENDANT VIKING COLLECTION SERVICEC INC.

23  Plaintiff re-alleges each and every foregoing allegation s as if fully rewritten herein at length.

24  Plaintiff is a consumer within the meaning of FDCPA, 15 U.S.C. § 1692 (a)(3).

25. Defendant Viking is a debt collector within the meaning of FDCPA, 15 U.S.C. §1692(a) (6).

26  Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a)  Viking Collection Service, Inc. violated 15 U.S.C §1692 e(2) by falsely representing the character, amount, or legal status of any debt.

(b)  Viking Collection Service Inc. violated 15 U.S.C §1692 e(5) by threating to take any legal action that could not legally be taken or that was not intended to be taken.

(c)  Viking Collection Service, Inc. violated 15 U.S.C §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(d)  Viking Collection Service, Inc. violated 15 U.S.C §1692 e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(e)  Viking Collection Service, Inc. violated 15 U.S.C §1692f (1) by the collection on any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt permitted by law.

**WHEREFORE,** Plaintiff demands judgment for damages against Viking Collection Service, Inc. for actual or statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. §1692K.

## COUNT II

**VIOLATION OF THE OHIO CONSUMER SALES PROTECTION ACT – OHIO REVISED CODE CHAPER 1345 BY DEFENDANT VIKING COLLECTION SERVICE, INC.**

27. Plaintiff re-alleges each and every foregoing allegation s as if fully rewritten herein at length.

28. Plaintiff is a consumer under the definitions in Ohio Revised Code Chapter 1345.01(D)

29  Defendant Viking is a supplier under the definition of Ohio Revised Code §1345.01(C)

30. Defendant Viking violated the Ohio Consumer Sales Practices Act, Ohio Rev. Code §1345. 02(A).

31. Defendant Viking violations of the FDCPA is automatically also a violation of Ohio Consumer Sales Protection Act §1345. 02 or §1345. 03 See, e.g., Becker v. Montgomery, Lynch, No. 1:02CV874, 2003 WL 23335929, at *2 (N.D. Ohio 2003

32. Defendant Viking violated the Ohio Consumer Sales Practices Act, Ohio Rev. Code §1345. 03 for unfair or deceptive act or practices: Defendant's violations include, but are not limited to the following:

    (a)  Viking Collection Service Inc. violated Ohio Consumer Sales Practices Act §1345.0(B)(6) because Defendant knowingly made a misleading statement or opinion on which Plaintiff was likely to rely to Plaintiff's detriment.

33. Defendant in commencing collection proceedings when they lacked standing are unfair, deceptive and unconscionable sales practices under O.R.C. § §1345.02 and 1345.03.

34. Plaintiff is entitled to bring a private cause of action pursuant to Ohio Revised Code §1345.09(D)

**WHEREFORE,** Plaintiff demands judgment to recover actual economic damages plus in an amount not exceeding five thousand dollars if this Court finds that Defendant's actions are unfair, deceptive, or unconscionable consumer transaction pursuant to Ohio Revised Code..

## COUNT III

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S. C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT VIKING COLLECTION SERVICE, INC.

35. Plaintiff re-alleges each and every foregoing allegation s as if fully rewritten herein at length.

36, Plaintiff is a consumer within the meaning of FCRA 15 U.S.C. §1681(a)(c )

37. Transunion, Experian, and Equifax credit reporting agencies are within the meaning of FCRA, 15 U.S.C. §1681a(f).

38. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. §681a(d).

39. The FCRA, 15 U.S.C. §1681b defines the permissible purposes for which a person may obtain a consumer credit report.

40. Such permissible purposes as defined by 15 U.S.C. §1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

41. Plaintiff has never had any business dealings or accounts with, made application for credit from or made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant Viking Collection Service, Inc.

42. On October 5, 2011 Defendant obtained the Transunion consumer credit report for the Plaintiff with no permissible purpose in violation of FCRA, 15 § 1681b.

43. On October 5, 2011 Defendant obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of FCRA, 15 § 1681b.

44. Said actions by Defendant on October 5, 2011 damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff being refused a credit card and credit card cancellation.

45. Plaintiff sent a notice to Defendant of their violations of the FCRA. There was an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiffs credit report before taking civil action against them. Plaintiff received no reply to said notice sent to Defendant.

46. At no time did Plaintiff give his consent for Defendant to acquire his consumer credit report from any credit reporting agency.

47. The actions of the Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of the FCRA, 15 U.S.C. §1681b and an egregious violation of Plaintiff's right to privacy.

48. At no time has Defendant ever indicated what justification Defendant may have had for obtaining Plaintiff's Credit Report. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

49. There was no account that the Defendant had any right to collect or to have a permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages for breach of said duty.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant Viking Collection Service, Inc. for actual or statutory damages, any attorney's fees and costs pursuant to 15 U.S.C. §1681m

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues as triable as a matter of law

Respectfully admitted this 31st day of August 2012

_____
Homer Richardson, Pro se