UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOMER LEE RICHARDSON,                              Case No. 1:12-cv-664

       Plaintiff,                                          Dlott, J.
                                                           Bowman, M.J.

    v.

VIKING COLLECTION SERVICE, INC.,

       Defendant.

## REPORT AND RECOMMENDATION

Plaintiff paid the requisite filing fee and initiated this litigation *pro se* on August 31, 2012, asserting that the named Defendant violated his rights under the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Ohio Consumer Sales Protection Act.  (Doc. 1).  On September 17, 2012, within 21 days of service of the original complaint[1] and prior to any response by the Defendant, Plaintiff filed an amended complaint as of right under Rule 15(a), Fed. R. Civ. P.  (Doc. 5).  Although summons was returned as executed concerning the original complaint, the record does not reflect whether Plaintiff ever attempted or attained service of his amended complaint.  No timely answer or response has ever been filed.

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part as

---

[1]The record reflects that summons on the original complaint was returned, reflecting a service date on Viking Collection Service, Inc. of September 4, 2012.  This Court can make no determination as to whether the person who signed the summons form was authorized to accept service.

1

follows:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*

"Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights."  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 351, 119 S. Ct. 1322 (1999).  Indeed, absent either waiver or proper service of process, this Court does not have personal jurisdiction over this Defendant.  *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (and cases cited therein).  Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made.  *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Jacobs v. University of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999).

In light of the absence of evidence demonstrating that the Defendant has ever been served with Plaintiff's amended complaint, and the expiration of time for achieving such service under Rule 4(m), Plaintiff was notified by Order filed on March 4, 2013 that this Court "proposes to dismiss the complaint without prejudice, due to Plaintiff's failure to effect timely service of process of the summons and complaint."  (Doc. 6 at 2). Plaintiff was additionally ordered to "**SHOW CAUSE** in writing on or before **March 21,**

**2013** why this case should not be dismissed without prejudice for failure of service of process." (*Id.* at 3).

On March 12, 2013, an acknowledgment of service was returned, reflecting service of the Court's last order by certified mail, as of March 8, 2013. (Doc. 7). Notwithstanding verified receipt of the Court's "show cause" order, Plaintiff has failed to respond to that order, and his time for doing so has now expired.

For the reasons previously stated, and in accordance with the Court's last order, **IT IS RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute, and that the case record be terminated from the active docket.

      *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOMER LEE RICHARDSON,            Case No. 1:12-cv-664

      Plaintiff,                              Dlott, J.
                                          Bowman, M.J.

     v.

VIKING COLLECTION SERVICE, INC.,

      Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).